**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARKEY et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5473** |
| **LOUISIANA CITIZENS FAIR PLAN et al.** | **SECTION T(2)** |

**ORDER AND REASONS**

Before the Court is Defendant American Security Insurance Company's ("American Security") Motion for Summary Judgment. Rec. Doc. No. 33-2. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## I. Background

Plaintiffs Allen and Monica Markey own property located at 169 Carr Drive, Slidell, Louisiana, 70458. The property was insured by Defendant Louisiana Citizens Fair Plan ("Louisiana Citizens"), under policy number FZH 0343213 01, by American Security, under policy number ALR124528700, and by State Farm Fire and Casualty Company ("State Farm") under policy number 98RT95005. Rec. Doc. No. 1, p. 1-2. Plaintiffs' property on Carr Drive sustained damage from wind and flood as a result of Hurricane Katrina, and the plaintiffs filed

claims with each of their insurers. Plaintiffs then filed suit on August 29, 2006 against all three insurers and Citimortgage, Inc. ("Citimortgage"). Plaintiffs seek to recover the face value stated in their insurance policies from Louisiana Citizens and American Security, and further seek penalties under La. R.S. 22:658 and 22:1220, as well as special and general damages for breach of duty of good faith and fair dealing pursuant to La. R.S. 22:1220(A) and (C)). Finally plaintiffs claim that they suffered damages as a result of the errors and omissions of their mortgage company, Citimortgage, who failed to renew their homeowners policy with Louisiana Citizens. Plaintiff Mr. Markey then had a heart attack, which he attributes to the stress incurred having learned that Citimortgage failed to renew his homeowner's policy. Id. at p. 4-7.

American Security filed this Motion for Summary on May 8, 2007 arguing that it is entitled to a judgment as a matter of law dismissing the plaintiffs' claims against it because it owed no contractual duty under its policy with the plaintiffs to pay for the plaintiffs' damages because it only provided excess insurance. American Security argues that because the plaintiffs had a primary insurer, Louisiana Citizens, and because the losses claimed are not in excess of that primary insurer's coverage, American Security's excess policy does not kick in. Rec. Doc. No. 33.

## II. Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. A fact is material if it "might affect the outcome of the suit under governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). No genuine issue

of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## III. "Other Insurance" Law and Analysis

When two entities provide insurance coverage for the same risk, as in this case, a typical "other insurance" situation is presented and the Court must determine how the two coverages coordinate to pay for the loss. See Graves v. Traders & Gen. Ins. Co., 214 So.2d 116, 117 (La.1968). Under Louisiana law, the Court must determine the priority of the two coverages by

attempting to give effect to any "other insurance" clauses. See id.; Truehart v. Blandon, 884 F.2d 223, 226 n. 7 (5th Cir.1989). Louisiana law recognizes "three basic types of other insurance clauses: (1) pro rata, (2) excess and (3) escape .... Excess clauses provide that the coverage of the policy will be excess over other valid and collectible insurance so that the insurer will have no obligation to pay until the coverage of the other policy or policies has been exhausted." Citgo Petroleum Corp. v. Yeargin, Inc., 690 So.2d 154, 167 (La. Ct. App. 3d Cir. 1997).

An insurance policy is a contract and, as with other contracts, it constitutes the law between the parties. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. American Cas. Co. of Reading, Pennsylvania v. Tenet, 2006 WL 2631936, *2 (E.D. La. 9/13/06)(citing NME Hospitals, Inc. v. American Casualty Co. of Reading, Pa., No. 96-0998, 1996 WL 599468, *2 (E.D. La. 10/17/1996), aff'd, 132 F.3d 1454 (5th Cir.1997).

Louisiana Citizens's Policy No. FZH 0343213 01 covers the plaintiffs' property at 169 Carr Dr. in the amount of $185,640 for the "dwelling" thereon. [Rec. Doc. No. 33-11, p. 1]. This policy contains an "other insurance" clause, which states:

> If a loss covered by this policy is also covered by...[o]ther insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss;

Rec. Doc. No. 33-11, p. 21.

American Security's Policy No. ALR6071245287 also covers the plaintiffs' property at 169 Carr Drive in the amount of $178,500. This policy also contains an "other insurance" clause which states:

> If there is any other valid or collectible insurance which would attach if the insurance under this policy had not been effected, this insurance shall apply only as excess and in no event as contributing insurance and then only after all other insurance has been exhausted.

Rec. Doc. No. 33-5, p. 10.

American Security argues that its insurance should be considered "excess" insurance and Louisiana Citizens' insurance considered primary, and thus its policy should not be triggered unless the Louisiana Citizens policy limits have been exhausted. American Security claims that the plaintiffs have not proven that its coverage under the Louisiana Citizens policy will be exhausted. As such, American Security urges that there is no genuine issue of material fact as to its non-obligation to the plaintiffs for damages sustained to 169 Carr Drive. Rec. Doc. No. 33-2, p. 7.

Louisiana Citizens opposes American Security's characterization of its policy as "excess," and urges that the defendants in this case provide "co-primary" coverage, and should share pro-rata in their obligations to the plaintiffs. Louisiana Citizens argues that if both clauses were given effect, and each insurer's "other insurance" clause were given effect, neither policy would provide coverage. See, e.g., Perniciaro v. Liberty Mut. Ins. Co., 02-980, 825 So.2d 1221 (La.App. 4 Cir. 5/20/02). Therefore, it argues, both clauses should be held to be ineffective and the insurers required to share pro-rata.

In dealing with the two "other insurance" clauses, this Court must attempt to reconcile the two clauses and give both effect. See Citgo Petroleum Corp. v. Yeargin, Inc., 690 So.2d 154, 167 (La. Ct. App. 3d Cir. 1997)(noting "[t]he courts are often called upon to

reconcile the other insurance clauses in multiple policies in order to apportion the responsibility for the insured's liability among the insurers." Id.) If two or more "other insurance" clauses are of a nature that a court, to give effect to the intent of each clause simultaneously, must leave insured with no coverage for which premiums have been paid, then the clauses are mutually repugnant and each policy is considered to provide primary coverage. See Lamastus & Assoc., Inc., v. Gulf Ins. Co., 260 So.2d 83 (La. Ct. App. 4th Cir. 1972); Penton v. Hotho, 601 So.2d 762 (La. Ct. App. 1st Cir. 1992).

The "other insurance" clause in the American Security policy can be classified as an "excess clause" only when there is another insurer who can be classified as the primary insurer. The "other insurance" clause in the Louisiana Citizens policy is properly classified as a pro- rata clause because it provides for sharing of responsibility by proportional shares when both insurance coverages apply on the same basis. Therefore, the question presented to this Court is whether these two "other insurance" clauses can be reconciled without leaving a gap in coverage for the insured.

This Court holds that American Security's "other insurance" clause, in this case, must be classified as "excess" and not "primary insurance." The clause makes clear that the policy will only come into effect as primary coverage *if* there is no other "valid or collectible insurance." Otherwise, the insurance will be considered "excess" and will only go into effect if the other primary policy limits are exhausted. Louisiana Citizens' policy states that it will only pay a proportion of the loss if there is other insurance covering the same loss; but at the same time, the clause is unequivocal that it will bear at least some of the loss. No matter the circumstance,

Louisiana Citizens is a "primary insurer" because it is obligated to pay, in the event of covered loss, part, if not all, of the insured's loss. Therefore, because such a primary insurer exists, American Security's policy must be read as "excess" coverage. See Shaffer v. Stewart Const. Co., Inc., 865 So.2d 213, 222 (La. Ct. App. 5th Cir. 2004)(noting "[t]he 'pro-rata' policy always contemplates paying first dollar coverage, either full, when no other valid and collectible insurance exists, or part, when it will share with the other valid and collectible insurance. The 'excess' other insurance, however, pays first dollar coverage only in the absence of other valid and collectible insurance." Id.) American Security's "other insurance" clause and Louisiana Citizens' "other insurance" clause are not mutually repugnant because the insured is not left without coverage if effect is given to the American Security excess clause. id; See also Juan v. Harris, 279 So.2d 187, 191 (La. 1973).

Accordingly, American Security's contractual obligations under the policy at hand will only be triggered if the plaintiffs can prove that their losses covered by Louisiana Citizens is in excess of its policy limit of $185,640.00.

**IV. Exhaustion of the Primary Insurer's Policy Limit**

American Security avers that it is entitled to judgment as a matter of law and that the plaintiffs' claims against it should be dismissed because as an excess insurer, it is only liable to the plaintiffs to the extent of their covered damages in excess of the primary insurer's policy limit; American Security argues that the plaintiffs cannot prove the exhaustion of its policy limits with Louisiana Citizens. In a motion for summary judgment, the non-moving party must come forward with competent evidence, such as affidavits or depositions, to buttress the claims made

that no genuine issue of material fact exists. In this case, plaintiffs attempt to refute American Security's contention that the plaintiffs have not exhausted their policy limits with Louisiana Citizens by submitting affidavits that state that the plaintiffs have "spent, to date, in excess of two hundred and twenty thousand dollars repairing damage to their homes." Rec. Doc. No. 36, p. 7. The affidavit also states that they anticipate spending another $50,000 to complete the repairs to the structure of their home. Rec. Doc. No. 36-3, p. 2. The plaintiffs aver that this is sufficient evidence to refute American Security's motion and create a genuine issue of material fact.

In addition to American Security's memorandum in support of its motion, it also submitted the required Statement of Uncontested Material Facts with its motion. Rec. Doc. No. 33-9. Facts 8 & 9 state the following:

> (8) Louisiana Citizens has not paid its policy limits for damage to the dwelling under policy FZH 0343213 01.
>
> (9) There is no evidence to show that wind damage to the planitiffs' property will exceed the limits of liability for damage to the dwelling under Louisiana Citizens policy no FZH 0343213 01.

Id. at p. 2. Louisiana Citizens submitted its response to the Statement of Uncontested Facts submitted by American Security. The responses to Facts 8 & 9 are as follows:

> (8) Admitted but irrelevant to the determination of the Motion filed by American Security.
>
> (9) Admitted but irrelevant to the determination of the Motion filed by American Security.

Rec. Doc. No. 35, p. 1. The plaintiffs' response to the Statement of Uncontested Facts does not directly address Facts 8 & 9. The plaintiffs list what they see as the contested facts: that the

plaintiffs have spent in excess of $220,000 and anticipate spending at least another $50,000. [Rec. Doc. No. 36-2, p. 1-2]. At the very least, Louisiana Citizens has admitted that it has not paid out its policy limit to the plaintiffs and that there is no evidence that the wind damage to the plaintiffs' property will exceed its policy limits. [Rec. Doc. No. 35, p. 1].

Therefore, this Court must determine, based upon this evidence, whether there is a genuine issue of material fact as to whether the plaintiffs have sustained a covered loss in excess of its policy limits with Louisiana Citizens. While the plaintiffs have undoubtedly *spent* more than their policy limits on repairing their home, the amount spent does not directly correlate with the amount recoverable from Louisiana Citizens, as there are other insurers who have also paid the plaintiffs for the damage to their home. Specifically, State Farm has already paid the plaintiffs $115,569.09 under their flood policy for damage to their property. [Rec. Doc. No. 33-9, p. 2, ¶ (6), Rec. Doc. No. 35, p. 1 ¶ (5)-(6)]. The plaintiffs estimate the total damages to their dwelling to be $220,000 (what they have spent thus far) plus and additional $50,000, totaling $270,000. Since State Farm has paid out $115,569.09 in flood coverage, the plaintiffs' non-flood related damages to their dwelling equals $154,430.91. This number falls below Louisiana Citizens' policy limit of $185,760.

More importantly, however, is the lack of actual evidence supporting the plaintiffs' claim that their damages will exceed those covered by Louisiana Citizens. The plaintiffs have introduced no estimates or other competent evidence to prove that they will exhaust their covered limits with Louisiana Citizens. This Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion for summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Therefore, the plaintiffs' affidavit statements that they have *spent* more than $200,000 and anticipate spending at least $50,000, without specific evidence or reference to its wind relatedness, is not enough to buttress American Security's properly supported motion that the plaintiffs have not incurred wind-related losses in excess their policy limits with Louisiana Citizens.

**V. Liability for Bad Faith**

The plaintiffs' complaint avers that they are entitled to damages for American Security's breach of its duty of good faith and fair dealing by arbitrarily or capriciously refusing to pay timely damages suffered under the policy, pursuant to La. R.S. 22:1220(A) and (C)). This statute creates an insurer's duty of good faith and fair dealing and imposes damages above and beyond general or special damages, in the amount of two times the damages sustained or five thousand dollars, whichever is greater, for a violation of this statute. La. R.S. 22:1220.

Louisiana Courts have described the phrase "arbitrary, capricious or without probable cause" to mean "vexatious." Combetta v. Ordoyne, 934 So.2d 836, 842 (La. Ct. App. 1st Cir. 2006). Arbitrary and capricious "describes an insurer whose willful refusal of a claim is not based on a good faith defense." Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250, 1253 (La.1993). In this case, no evidence has been adduced to prove that American Security has arbitrarily or capriciously denied the plaintiffs' claims. It is clear that the defendant had a viable good faith defense to coverage: that it was the excess insurer and not the primary insurer of the plaintiffs' losses. As such, no claim for bad faith or attorneys' fees can be maintained against American Security.

Accordingly, Defendant American Security's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this 3rd day of July, 2007.

**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**