## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ALLEN MARKEY, ET AL.                                    CIVIL ACTION

VERSUS                                                  NO: 06-5473

LOUISIANA CITIZENS FAIR PLAN, ET AL.                    SECTION: "T"(5)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration and/or Motion for New Trial and/or Motion to Amend this Court's July 3, 2007, Order granting summary judgment in favor of American Security Insurance Company. *See* Rec, Docs. 46, 47. American Security Insurance Company filed an Opposition to Plaintiff's Motion for Reconsideration. Rec. Doc. 75. The matter came for hearing without oral argument on September 5, 2007, and was submitted on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

## I.    BACKGROUND

Plaintiffs own a home located on Carr Drive in Slidell, Louisiana. The property was damaged by Hurricane Katrina. At the time, the property was insured by Louisiana Citizens Fair Plan and American Security Insurance Company (as to wind) and State Farm Fire and Casualty Company (as to flood). Rec. Doc. 1. Plaintiffs filed this action against their insurers as well as Citimortgage, Inc., seeking the face value of their respective policies, penalties under LSA-R.S. 22:658 and LSA-R.S. 22:1220 as well as special and general damages for breach of good faith and fair dealing pursuant to LSA-R.S. 22:1220. Rec. Doc. 1. As to Citimortgage, Inc., Plaintiff argues that it failed to renew Plaintiffs' homeowners policy and is therefore liable. Rec. Doc. 1.

Defendant, American Security Insurance Company (hereinafter, "American") filed a Motion for Summary Judgment urging that since its policy provided excess coverage for wind damage and

because the undisputed facts showed that the $185,000 in coverage under the policy issued by Louisiana Citizens Fair Plan (the primary wind carrier) would not be exhausted, that it was entitled to summary judgment.  Rec. Doc. 33.  The Court granted American's Motion for Summary Judgment finding that: (1) American's policy provided excess coverage; (2) there was no genuine issue of material fact regarding whether Plaintiffs sustained a loss in excess of the primary policy; (3) the record lacked evidence supporting plaintiffs' claim that their damages will exceed those covered by Louisiana Citizens; and (4) no evidence of arbitrary and capricious conduct by American in denying Plaintiffs' claim.  Rec. Doc. 46 at p. 9-10.

The instant Motion followed in which Plaintiffs argue that the Court erred in considering flood payments received from Plaintiffs' flood insurer in its analysis of whether any excess coverage is available.  Accordingly, Plaintiffs ask that the Court reconsider it ruling on the issue of whether the primary policy limit has been reached.  In addition, Plaintiffs attach their expert's report, supplied in accordance with the Court's scheduling order, and argue that the report indicates that "it will take at least another $111,220.93 to complete the repair of plaintiffs' home for the damage sustained as a result of wind.  Rec. Doc. 47, at p. 8.  Plaintiffs request a new trial based upon their expert's report and request the Court allow them time to obtain information from their expert differentiating the flood damage from the wind damage.  Rec. Doc. 47 at p. 8.  Finally, Plaintiff asks that the Order dismissing American be made without prejudice.  Rec. Doc. 47 at p. 9.

American responds that the expert report attached to the Motion for Reconsideration includes the cost of all wind-related damage to the property, not just "to complete" the remaining repairs. Rec. Doc. 3.  According to American's reading of the report and estimate, Plaintiffs' expert has "included in his estimate all of the repairs that plaintiffs have completed to date, according to the

inspection he performed...[a]nd nowhere in his estimate does he give the plaintiff credit for any part of the $220, 00 they have spent to date on repairs." Rec. Doc. 75 at p. 3. Based upon a fair reading of the report, American urges that the it should cost only $111,220.93 to repair Plaintiffs' wind related damage; an amount below the primary policy limit and therefore, the Motion for Reconsideration should be denied.

Secondly, American urges that the new affidavits attached to Plaintiffs' Motion do not create issues of fact because the expert's report and estimate contradict each other. American also argues that a continuance so the Plaintiffs' can attack its Motion for Summary Judgment is improper and finally, that the Court's order should reflect that American is dismissed with prejudice.

## II.    LAW AND ANALYSIS

There is no motion for "reconsideration" in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998); *Bass v. U.S. Dept. of Agriculture,* 211 F.3d 959, 962 (5th Cir.2000). Further, a motion filed after judgment requesting that the court reconsider its decision constitutes either a motion to "alter or amend" under FRCP 59(e) or a motion for "relief from judgment" under FRCP 60(b). *Texas A&M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 400 -401 (5th Cir 2003). "Under which Rule the motion falls turns on the time at which the motion is [filed]. If the motion is [filed no later than] ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b)." *Id, citing Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air. Corp*., 37 F.3d 1069 (5th Cir.1994) (en banc). Here, the motion was filed more than ten days after the entry of the Order, so the Court treats it as a motion for relief from judgment under rule 60(b).

Federal Rules of Civil Procedure Rule 60 (b) provides the following grounds for relief from an Order of the Court:

> Rule 60. Relief from a Judgment or Order
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts. *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. Jan.1981). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc) (citations omitted).

Plaintiffs do not challenge this Court's finding that American is the excess wind carrier. Accordingly, this Court's July 3, 2007, Order to that effect stands. Further, Plaintiff's argument that the collateral source rule applies is without merit as this Court has already ruled that flood insurance recovery must be offset against any homeowners recovery because insurance policies are contracts of indemnity. *See Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.

4

2007)(Berrigan, J); *Naccari v. State Farm Fire & Cas. Co.*   2007 WL 4374226, *2 (E.D.La.,2007)(Berrigan, J).  Moreover, Plaintiff failed to support his contention that the collateral source doctrine applies to insurance recovery cases with any controlling case law.

Turning now to the Plaintiffs' expert report that was provided with the instant Motion, the Court must decide whether any of the circumstances in Rule 60(b) warrant relief.  Under Rule 60(b)(2), "[t]o succeed on a motion for relief from judgment based on newly discovered evidence, a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."  *Hesling v. CSX Transp., Inc.*  396 F.3d 632, 639 -640 (5th Cir. 2005) *quoting Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir.2003) (citation omitted). A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result.  *Id. citing Trans Mississippi Corp. v. United States*, 494 F.2d 770, 773 (5th Cir.1974).

The expert report was filed in accordance with the Court's scheduling order and provides that "to reconstruct the dwelling to pre-loss condition," the wind damage is $111,220.93.  *See* Exhibit "A" at Rec. Doc. 47.  The Court previously ordered summary judgment granted as to American because the Plaintiffs, at that time, estimated that their total damage to be $270,000 (i.e. $220, 000 spent plus an additional $50,000).  Subtracting the flood payments, the Court found that the amounts sought for wind ($154, 430.91)were below the primary insurer's coverage limit of $185, 760.00 and therefore, dismissed American as the excess carrier.  Further, this Court heavily relied upon the fact that Plaintiffs were arguing disputed facts as to the amount of wind damage incurred being potentially in excess of the primary policy but had failed to provided evidence to support their claim

that their damages would exceed the primary policy and failed to introduce estimates or other competent evidence to show that they would exhaust their primary limits.  Rec. Doc. 46 at pp. 9-10.  Plaintiffs timely supplied their expert's report which shows that the Plaintiffs' wind related damage may exceed the primary policy limit.  There has been no showing that Plaintiffs exercised anything other than due diligence in obtaining this new information as to its wind claim and the evidence is material and controlling and clearly would have produced a different result if present with the original motion.  Accordingly, the Court grants Plaintiffs' Motion for Reconsideration pursuant to FRCP 60(b).

The Court must now decided whether the expert's report and estimate create a genuine issue of fact so that summary judgment as to American is denied.  In its original order, this Court found the issue to be as follows: "...whether plaintiffs have sustained a covered loss in excess of the policy limits with Louisiana Citizens."  Rec. Doc. 46 at p. 9.  The expert report provides that the cost to reconstruct the dwelling to its pre-loss condition, the wind damage is $111, 220.93.  *See* Exhibit "A" attached to Rec. Doc. 47.  In reaching this figure, the expert's report provides that the expert observed work that had already been done including: overlaying of the composition roof with standing seam metal roof; replacement of insulation in the attic; replacement of french doors and entry door replacement.  *Id.*  The Court does not agree with American's argument that the $111, 220.93 estimate includes cost of all wind related damage, not only the cost to "complete" the remaining repairs because the only item the expert observed that is covered in his repair estimate is related to the french doors.  Compare pages 4 and 4 in Exhibit "2"attached to Rec. Doc. 47.  The estimate provides no amounts for roof replacement nor insulation replacement.  In adding the amount already paid by the primary carrier ($115, 569.09) to this new amount provided in the

expert's estimate, the total exceeds the primary policy limits even with removing the work for french doors.  As such, a genuine issue of fact exists as to whether plaintiffs have sustained a covered loss in excess of the primary policy limits with Louisiana Citizens and American's Motion for Summary Judgment is **DENIED.**  That portion of the Motion for Summary Judgment pertaining to penalties and attorneys fees is also **DENIED** as premature as there has been no finding of arbitrary and capricious action by this Court.  The finding that American is the excess wind carrier is not disturbed by this order.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Rec. Doc. 47) is **GRANTED.**

**IT IS FURTHER ORDERED** that upon Reconsideration of Defendant's Motion for Summary Judgment (Rec. Doc. 33) is **DENIED.**

New Orleans, Louisiana this 5th day of March, 2008.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**