UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALLEN MARKEY, ET AL.**                                                                         **CIVIL ACTION**

**VERSUS**                                         **NO: 06-5473**

**LOUISIANA CITIZENS FAIR PLAN, ET AL.**                  **SECTION: "T"(5)**

**ORDER AND REASONS**

Before the Court is a Motion for Partial Summary Judgment filed by Louisiana Citizens Property Insurance Corporation. Rec. Doc. 51. Plaintiffs have not filed an Opposition. The Motion came for hearing without oral argument on October 3, 2007 and was submitted on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

**I. BACKGROUND**

Plaintiffs own a home located on Carr Drive in Slidell, Louisiana. The property was damaged by Hurricane Katrina. At the time, the property was insured by Louisiana Citizens Fair Plan and American Security Insurance Company (as to wind) and State Farm Fire and Casualty Company (as to flood). Rec. Doc. 1. Plaintiffs filed this action against their insurers as well as Citimortgage, Inc., seeking the face value of their respective policies, penalties under LSA-R.S. 22:658 and LSA-R.S. 22:1220 as well as special and general damages for breach of good faith and fair dealing pursuant to LSA-R.S. 22:1220. Rec. Doc. 1. As to Citimortgage, Inc., Plaintiff argues that it failed to renew Plaintiffs' homeowners policy and is therefore liable. Rec. Doc. 1.

Louisiana Citizens Property Insurance Corporation filed the instant Motion arguing it is statutorily immune from an award of statutory penalties and attorneys fees. Citizens argues that it is not an "insurer" but rather a corporation created under LSA-R.S. 22:1430, *et seq.*, and does not

participate in the Louisiana Insurance Guaranty Association (See LSA-R.S. 22:1430.2). Further, it is not required to obtain a Certificate of Authority from the Louisiana Insurance Commissioner and is a political subdivision of Louisiana. For all these reason, Citizens argues it is immune for damages for statutory penalties and attorneys' fees. Rec. Doc. 51. Citizens submits that this issue is res nova in this Court.

## II.  LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(C). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995). Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.* at 588.

The Louisiana Statutes regulating Citizens is found at LSA-R.S. 22: 1430, *et seq.* LSA-R.S. 22: 1430.5 provides:

> § 1430.5 Immunity from liability

> A. There shall be no liability on the part of and no cause of action of any nature shall arise against the commissioner of insurance, or against the governing board of the Louisiana Citizens Property Insurance Corporation or anyone acting on behalf of the corporation or the plans, or against any servicing carrier or carriers, or against any assessable insurer, or against any participating insurance producer, or against the Department of Insurance or its representatives, for any action taken by them in the performance of their duties or responsibilities under this Subpart.
>
> B. Such immunity from liability does not apply to:
> (1) Any of the persons or entities listed in Subsection A hereof for any willful tort or criminal act.
> (2) **The corporation, or insurance producers placing business with one of the plans, for breach of any contract or agreement pertaining to insurance coverage.**
> (3) The corporation with respect to issuance or payment of debt.
> (4) Any assessable insurer with respect to any action to enforce such insurer's obligations to the corporation under this Subpart. (Emphasis Added)

The penalty statutes at issue provide in pertinent part:

> 22: 658 (B)(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), **when such failure is found to be arbitrary, capricious, or without probable cause**, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings. (Emphasis added)
>
> 22 § 1220. Good faith duty; claims settlement practices; cause of

>action; penalties
>
>A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

These sections contemplate that failure to pay your insured timely and to settle all claim s in good faith, in accordance with the policy, can expose the carrier to penalties.  If the carrier has a valid coverage defense, these penalties do not apply.  If the carrier does not a valid coverage defense, they can be exposed for breaching its contract and for the aforementioned penalties.  The immunity granted in LSA-R.S. 22: 1430.5 is clear that it does not apply to the corporation for breach of any contract or agreement pertaining to insurance coverage.  Accordingly, the immunity guarantee would not apply to the statutory penalties and attorneys fees should Citizens be found to have breached its contract by not providing coverage arbitrarily and capriciously or for failing to settle a claim under the policy in good faith.

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Summary Judgment filed by Louisiana Citizens Property Insurance Corporation (Rec. Doc. 51) is **DENIED**.

New Orleans, Louisiana, this 5th day of March, 2008.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**