```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ALLEN AND MONICA MARKEY                       CIVIL ACTION

VERSUS                                        NO. 06-5473

LOUISIANA CITIZENS FAIR PLAN,                 SECTION "R" (5)
ET AL.
```

### ORDER AND REASONS

Before the Court is defendant State Farm Fire and Casualty Company's Motion to Sever. For the following reasons, the Court DENIES State Farm's motion.

### I.  Background

Plaintiffs Allen and Monica Markey are homeowners whose house was severely damaged by Hurricane Katrina. The Markeys' house was located at 169 Carr Drive in Slidell, Louisiana. On August 29, 2006, plaintiffs brought claims for breach of contract and improper claims adjustment, as well as a Valued Policy Law (VPL)claim against Louisiana Citizens Fair Plan, their homeowner's insurer. Plaintiffs brought identical claims against

American Security Insurance Company, their excess homeowner's insurer that issued a creditor-placed residential property policy for plaintiffs' home. Plaintiffs also asserted claims for breach of contract and improper claims adjustment against State Farm, which insured plaintiffs' home under a Standard Flood Insurance Policy (SFIP) as a "Write-Your-Own" carrier under the National Flood Insurance Program (NFIP).[1]

On October 2, 2007, more than a year after they initially filed suit, plaintiffs filed an amended complain complaint in which they asserted class claims against Citizens.  Plaintiffs asserted claims for breach of contract and improper claims adjustment and sought damages and statutory penalties under La. Rev. Stat. §§ 22:658, 22:1220 on behalf of themselves and all other Citizens policyholders who filed claims for property damage caused by Hurricanes Katrina and Rita.  On December 28, 2007, plaintiffs filed a motion to certify a class. (R. Doc. 101). Defendant State Farm filed the present Motion to Sever on February 26, 2008.  Plaintiffs' motion to certify a class was administratively terminated on March 7, 2008.  The Court held a status conference on May 29, 2008, and plaintiffs were ordered to

---

[1] Plaintiffs also sued their mortgagee, Citimortgage. On a joint motion of the parties, however, the Court dismissed plaintiffs' claims against Citimortgage.

re-file the motion to certify a class by October 2, 2008.

## II.  Motion to Sever

Under Rule 21, a district court has "broad discretion" to sever improperly joined parties.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).  To determine whether parties were properly joined under Rule 20(a), a district court must consider (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to all of the plaintiffs that will arise in the action.  Fed. R. Civ. P. 20(a).  Both requirements must be met for the parties to be properly joined.  *See Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, * 1 (E.D. La. Aug. 1, 2000); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1653 (2001).  Furthermore, courts may consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims.  *Rohr v. Metropolitan Ins. & Casualty Co.*, 2007 WL 163037, *2 (E.D. La. Jan. 17, 2007).

In this case, State Farm asserts that plaintiffs' class action claims against Citizens are improperly joined with plaintiffs' claim against State Farm since the class claims involve Citizens' handling of wind claims arising from both Hurricane Katrina and Hurricane Rita.  As such, State Farm contends that the claims against Citizens and State Farm are factually unrelated.  State Farm further contends that severance is appropriate since it promotes judicial economy.

Judicial economy will be promoted by hearing all of plaintiffs' claims together.  In Katrina cases, district courts have routinely joined claims against the homeowner's insurer with claims against the flood insurer.  *See Perret v. American Nat'l Property and Cas.*, 2006 WL 3412267 at *2 (E.D. La. 2006)("While the causes of action arise out of different insurance contracts that cover different perils, the object of the litigation is one and the same, i.e. Plaintiff's home"); *Stay-N-Play Discovery School, Inc. v. Alverez*, 2006 WL 2947878 at *3  (E.D. La. 2006)(finding that exercising supplemental jurisdiction over state homeowner's claims was appropriate since the claims are "intimately related").  The Court does not find this situation any different.  The Markeys' claims against their homeowner's insurers, Citizens and American Security, are factually intertwined with their claims against State Farm, as all concern

4

the damage to the Markeys' property arising from Hurricane Katrina.

The Court recognizes that plaintiffs have no right to a jury trial against State Farm[2] and that the trial will necessarily involve two finders of fact.  Still, the claims involve the same factual issues and thus considerations of judicial economy favor one trial.  If State Farm is severed, plaintiffs will have to litigate two separate cases on nearly identical factual circumstances.  This would be a considerably worse waste of judicial resources than holding one trial with two triers of fact.  Additionally, the Court may further promote judicial economy by using the jury empaneled in the homeowner's claims in an advisory manner on the flood insurance claims pursuant to Federal Rule of Civil Procedure 39(c).

### III. Conclusion

For the foregoing reasons, the Court DENIES defendant State Farm's Motion to Sever.

New Orleans, Louisiana, this __19th__ day of August, 2008.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[2] The National Flood Insurance Act does not allow jury trials in cases that involve National Flood Insurance Plans.