UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLEN AND MONICA MARKEY                    CIVIL ACTION

VERSUS                                     NO: 06-5473

LOUISIANA CITIZENS FAIR PLAN               SECTION: R(5)
ET AL.

**ORDER**

Before the Court is defendant's motion to strike plaintiffs' class allegations. For the following reasons, defendant's motion is GRANTED.

**I. Background**

Plaintiffs Allen and Monica Markey have brought this suit against their insurer, Louisiana Citizens Property Insurance Corporation, for breach of contract and failure to timely adjust their claims in violation of La. Rev. Stat. §§ 22:658 and 22:1220. They seek to sue on behalf of themselves and a class of similarly situated policyholders defined as: "All Citizens policyholders who filed a claim for coverage or benefits under their policy of insurance as a result of damages caused by

Hurricanes Katrina and Rita." Defendant Louisiana Citizens moves to strike plaintiffs' class allegations under Fed. R. Civ. P. 23(d)(1)(D).

## II. Discussion

To be certified, a class must satisfy the following threshold requirements of Rule 23(a): (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality ("named parties' claims or defenses are typical . . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interest of the class"). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). In addition, the class must satisfy one of the grounds listed in Rule 23(b). *Id.* at 614. Plaintiffs claim they can maintain a class action under either 23(b)(2) or 23(b)(3). Rule 23(b)(2) states that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(3) allows the Court to certify a class if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods

for fairly and efficiently adjudicating the controversy." The party seeking class certification bears the burden of showing that all of the criteria are met. *See Amchem Prods.*, 521 U.S. at 614; *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005).

Defendant did not initially challenge plaintiffs ability to satisfy Rule 23(a) in its motion. In its reply, however, defendant questions plaintiffs' abilities to represent the class. Since plaintiffs cannot maintain a class under Rule 23(b), the Court declines to address defendant's 23(a) argument. The Court first considers what Rule of Civil Procedure applies to defendant's motion to strike class allegations, and plaintiffs' argument that defendant's motion is untimely.

*ii. Rule Applicable to Motions to Strike Class Allegations*

The parties dispute what Federal Rule of Civil Procedure applies to a motion to strike class allegations. Plaintiffs argue that Rule 12(f) governs. Defendant points the Court to Rule 23(d)(1)(D) or Rule 12(b)(6). Rule 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The rule "is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise and direct." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d. ed. 2004). Defendant, however, does not seek to strike

plaintiffs' class allegations because they are redundant, impertinent, or for any other reason listed in Rule 12(f). Defendant seeks to strike plaintiffs' class allegations because plaintiffs have not met the requirements of Rule 23. Rule 23(d)(1)(D) allows them to do so. Under Rule 23(d)(1)(D) the Court can "require that the pleadings be amended to eliminate allegations about representation of absent persons," and courts have routinely applied Rule 23(d)(1)(D), or its predecessor Rule 23(d)(4), to motions to strike class allegations. *Aguilar v. Allstate Fire and Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809 (E.D.La. 3/6/07); *Caruso v. Allstate Ins. Co.*, No. 2007 WL 2265100 (E.D.La. 8/3/07); *Terrebonne v. Allstate Ins. Co.*, 251 F.R.D. 208 (E.D.La. 2007); *Stokes v. Allstate Indem. Co.*, No. 06-1053, 2007 WL 1875847 (E.D.La. 6/28/07); *Chetta v. State Farm and Cas Co.,* No. 06-4662, 2007 WL 1233546 (E.D.La. 4/25/07). By contrast, plaintiffs have cited no case that applies Rule 12(f) to strike class allegations. That defendant's motion is styled a "motion to strike" is not determinative. Because Rule 12(f) is directed at a problem of pleading not implicated here, Rule 23(d)(1)(D) governs the Court's inquiry.

    *ii. Timeliness*

    Plaintiffs also argue that defendant's motion to strike is premature. They state that the Court should not determine

whether they satisfy Rule 23's requirements until the class certification hearing, and only after they do further discovery. This argument is unpersuasive for several reasons. First, courts have not hesitated to strike meritless class allegations on the pleadings. *See John v. Nat'l Sec. Fire and Cas.* Co., 501 F.3d 443, 445 (5th Cir. 2007)("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings"); *Aguilar v. Allstate Fire and Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809, at *3 (E.D.La. 3/6/07)(holding that class action allegation was deficient "[o]n the face of the pleading"); *Caruso v. Allstate Ins. Co.*, No. 06-2613, 2007 WL 2265100 (E.D.La. 8/3/07); *Terrebonne v. Allstate Ins. Co.*, 251 F.R.D. 208 (E.D.La. 2007); *Stokes v. Allstate Indem. Co.*, No. 06-1053, 2007 WL 1875847 (E.D.La. 6/28/07); *Chetta v. State Farm and Cas Co.,* No. 06-4662, 2007 WL 1233546 (E.D.La. 4/25/07); *Hedgepeth v. Blue Cross & Blue Shield of Miss.*, No. 05-142, 2006 WL 141624 (N.D.Miss. 1/18/06)(noting that the Fifth Circuit has upheld the power of district courts to dismiss class allegations prior to any extensive class-related discovery); *Pollet v. Travelers Prop. Cas. Ins. Co.*, No. 01-863, 2001 WL 1471724 (E.D.La. 11/16/01). Although "in most cases, 'a certain amount of discovery is essential in order to determine the class action issue and the

5

proper scope of the class action,'" *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982), plaintiffs have not pointed to any discovery that would be "necessary or helpful" to the certification decision. *Id.* Plaintiffs, for example, have not shown how additional discovery would alleviate the need to undertake a case-by-case inquiry into the extent of each policyholder's damages, or the timeliness of defendant's adjustment. *See, infra,* §§ iii and iv.

Second, no motion to certify a class is pending in this matter. This Court administratively terminated plaintiffs' original motion on March 7, 2008, and ordered plaintiffs' to re-file by October 2, 2008. Having failed to move this case forward as a class action, plaintiffs cannot argue that the Court should wait until the class certification hearing to determine whether class treatment is appropriate. No class certification hearing is upcoming. Meanwhile this case is set for trial in the coming month. Because, as discussed below, plaintiffs' class allegations are deficient on the face of the pleadings, plaintiffs' timeliness argument fails.

*iii. Rule 23(b)(2)*

Plaintiffs first argue that they can maintain a class action under Rule 23(b)(2), because "this Court can issue a declaratory judgment on the common questions of law associated with the

interpretation of the Louisiana Citizens policies at issue." Plaintiffs do not seek declaratory relief alone, however. They also seek damages under La. Rev. Stat. §§ 22:658 and 22:1220.

In *Alison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998), the Fifth Circuit explained when a plaintiff can bring a class action seeking declaratory or injunctive relief along with a claim for damages under Rule 23(b)(2). The court held that a plaintiff cannot bring a Rule 23(b)(2) class action if damages are the predominant form of relief sought. *Id.* at 411. Any monetary relief sought must be incidental to the requested declaratory or injunctive relief. *Id.* at 411.

> By incidental, we mean damages that flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief. Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established....Liability for incidental damages should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new and substantial legal or factual issues, nor entail complex individualized determinations. Thus, the individual damages will, by

definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.

*Id.* at 415 (citations omitted).

Here, plaintiffs' request for damages predominates their request for declaratory relief. Plaintiffs seek damages for breach of contract, as well as bad-faith penalties and attorney's fees. These damages are not in the nature of a "group remedy, consistent with the forms of relief intended for (b)(2) class actions." *Id.* at 415. Rather, the Court will have to determine whether Citizens adjusted each class member's claim on a timely basis, and whether Citizens adjusted each claim in bad-faith. Further, plaintiffs claims will require a highly fact-intensive, "individualized determination" into the damages sustained by each of the members in the proposed class. This is not the sort of claim for monetary relief that is proper in a 23(b)(2) class action. *Caruso v. Allstate Ins. Co.*, No. 06-2613, 2007 WL 2265100 (E.D.La. 2007)(striking 23(b)(2) allegations where plaintiffs sought damages under La. Rev. Stat. §§ 22:658 and 22:1220 for breach of insurance contract).

*iv. Rule 23(b)(3)*

Plaintiffs also seek to certify the class under 23(b)(3). When, as here, the proposed class seeks damages, Rule 23(b)(3)

imposes two prerequisites, predominance and superiority: "[Q]uestions of law or fact common to the members of the class [must] predominate over any questions affecting only individual members, and . . . a class action [must be] superior to the other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3); *see also Amchem Prods.*, 521 U.S. at 615 (characterizing Rule 23(b)(3) as two additional requirements to those set forth in Rule 23(a)); *Unger*, 401 F.3d at 320. Because plaintiffs cannot show predominance, the Court addresses that factor only.

The predominance requirement, "although reminiscent of the commonality requirement of Rule 23(a), is 'far more demanding' because it 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Unger*, 401 F.3d at 320 (*quoting Amchem Prods.*, 521 U.S. at 623-24). The Court must "consider how a trial on the merits would be conducted if a class were certified." *Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318, 326 (5th Cir. 2008). "This in turn, entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class." *Id.* This inquiry is necessary to prevent the proceeding "from degenerating into a series of individual trials." *Id.*

This Court and other sections of the Eastern District of Louisiana have uniformly struck class allegations nearly identical to plaintiffs' proposed class, because individual questions of proof predominated over any question of law or fact common to the putative class. *See Aguilar*, 2007 WL 734809 (E.D.La. 3/6/07); *Caruso*, 2007 WL 2265100 (E.D.La. 8/3/07); *Terrebonne*, 251 F.R.D. 208 (E.D.La. 2007); *Stokes*, 2007 WL 1875847 (E.D.La. 6/28/07); *Chetta*, 2007 WL 1233546 (E.D.La. 4/25/07). Plaintiffs argue that Louisiana Citizens failed to timely adjust their policy and the policies of some 20,000 other similarly situated policyholders, and they assert bad-faith under La. Rev. Stat. §§ 22:658 and 22:1220. Plaintiffs have not, however, advanced a "viable theory employing generalized proof to establish liability with respect to the class." *Gene and Gene LLC*, 541 F.3d at 328. Defendant states, and plaintiffs do not contradict, that each claim will require the Court to determine: the nature and extent of the damages sustained by the residence; the kind and quality of materials used in the original construction of the residence; the adjustment of loss made by Louisiana Citizens following the damage; the prices allowed for the repair in each residence; the cost of repair; whether the property sustained concurrent flood damage, and if so, the extent of such flood damage; the market conditions at the time the

damages were assessed; the value of each of the damaged contents in the residence; and the different living expenses sustained by each insured. In addition, the Court will have to determine whether Louisiana Citizens acted in bad-faith individually, in every case, and if so, the damages resulting from its bad-faith. "In short, there is no class-wide proof available" to determine Louisiana Citizens' liability to each member of the proposed class, "and only mini-trials can determine the issue." *Id.* at 328-29. These highly individualized, case-by-case determinations are inappropriate for class treatment under Rule 23(b)(3). *See Id.* at 329 (striking plaintiff's 23(b)(3) class allegations under the Telephone Consumer Protection Act, because there was no class-wide proof to determine consent of individual fax recipients); *See also Aguilar*, 2007 WL 734809 (E.D.La. 3/6/07); *Caruso*, 2007 WL 2265100 (E.D.La. 8/3/07); *Terrebonne*, 251 F.R.D. 208 (E.D.La. 2007); *Stokes*, 2007 WL 1875847 (E.D.La. 6/28/07); *Chetta*, 2007 WL 1233546 (E.D.La. 4/25/07).

### III. Conclusion

For the reasons stated above, defendant's motion to strike the class allegations is GRANTED.

New Orleans, Louisiana, this 30th day of December, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE