UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARKEY                                              CIVIL ACTION

VERSUS                                              NO: 06-5473

LOUISIANA CITIZENS FAIR PLAN,                       SECTION: R(5)
ET AL.

**ORDER**

Before the Court are defendant State Farm Fire and Casualty Company's motions for summary judgment and to strike plaintiffs' expert. For the following reasons, State Farm's motion for summary judgment is granted and its motion to strike is denied as moot.

**I.  Background**

Plaintiffs Allen and Monica Markey insured their Slidell, Louisiana home with a Standard Flood Insurance Policy issued by State Farm. That policy has coverage limits of $182,200.00 for dwelling and $89,900.00 for personal property, both subject to a $500.00 deductible. Hurricane Katrina caused heavy damage to the

Markeys' home, and they filed a claim with State Farm to recover for flood loss. After inspecting the Markeys' property, State Farm paid out $114,468.02 for the Markeys' dwelling claim and $89,900.00 for their contents.

The Markeys submitted a sworn Proof of Loss to State Farm on August 28, 2006 claiming $669,000.00 in storm-related damages. The Markeys did not support this Proof of Loss with any documents. On August 28, 2006, the Markeys sued State Farm and other insurers for violations of Louisiana law. State Farm now moves for summary judgment.

**II. Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

**III. Analysis**

The Markeys' flood policy was issued by State Farm as part of the National Flood Insurance Program (NFIP). The NFIP was created by Congress in 1968 to provide reasonable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). FEMA operates the program and can issue policies directly or through private insurers, such as State Farm, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, flood claims are paid directly from the federal treasury. *Id.*

Policies are issued in the form of a Standard Flood

3

Insurance Policy (SFIP), and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.;* 44 C.F.R. §§ 61.4(b), 61.13(d). Since pay-outs implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 954 (5th Cir. 2005).

"A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." *Richardson v. Am. Bankers. Ins. Co. of Fla.*, 279 Fed. Appx. 295, 298 (5th Cir. 2008) (*citing* 44 C.F.R. pt. 61, app. A(1) art. VII(R)). "In case of a flood loss to insured property, [the insured] must" satisfy several requirements before bringing a lawsuit. 44 C.F.R. pt. 61, app. A(1) art. VII(J). Foremost, the insured must provide a signed and sworn Proof of Loss (POL) within 60 days after the loss, "or within any extension authorized by FEMA." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

On August 31, 2005, the Acting Federal Insurance Administrator waived the 60 day requirement for policyholders affected by Hurricane Katrina. *See Richardson*, 279 Fed. Appx. at 298 (explaining the waiver). The waiver allowed policyholders to receive payments based solely on an adjuster's report. *Id.* If

the policyholder disagreed with the adjuster's calculation of damages, however, the policyholder was required to submit a POL within one year from the date of loss. *Id.*

State Farm does not dispute that the Markeys submitted a timely POL; It argues that the Markeys' POL was incomplete because it did not contain documents supporting the claimed amount. The SFIP plainly requires a claimant to provide certain information in a POL, including "[s]pecifications of damaged buildings and detailed repair estimates," as well as an "inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." 44 C.F.R. pt. 61, app. A(1) art. VII(J). These are strict requirements. *Forman*, 138 F.3d at 546; *Richardson*, 279 Fed. Appx. at 298. Here, the Markeys provided State Farm <u>nothing</u> to support the amount they claimed in their POL until filing suit. The Markeys admit this. *See* P's Dep., R. Doc. 179-4 at 31 ("You didn't have any other documents that accompanied the proof of loss and your letter, did you? A. I don't guess. Q. Is that no? A. Yes."); *Id.* at 33 ("Q. Again, when you submitted this [POL], [the cover page and POL] were the only two documents that you submitted to State Farm with respect to your proof of loss, you didn't substantiate it with

any invoices; is that correct? A. Yes.").[1]  They argue, however,
that engineering reports attached to their complaint or documents
they gave to State Farm in discovery should satisfy article
VII(J)'s requirement.[2]  But the SFIP requires claimants to submit
supporting documents *before* suing for further benefits so that
the WYO carrier can "evaluate the 'merits of the claim.'" *Cf.
Forman*, 138 F.3d at 545.  The Markeys have not done so, and their
failure to document their loss before filing suit is fatal to
their claim.  See *Trosclair v. State Farm Fire and Cas. Co.*, No.
07-4616, 2008 WL 5157715 at *3 (E.D.La. 12/9/08)(granting summary
judgment because the claimant could "not point to any documents
submitted along with, or attached to, the August 24, 2006 'Proof
of Loss' form"); *Rouzan v. State Farm Fire and Cas. Co.*, No. 07-

---

[1] State Farm has also attached the affidavit of Rey Dominguez, the custodian of the Markey's claim, stating:  "State Farm did not receive any specifications of damaged buildings or detailed repair estimates, invoices, receipts any other supporting documentation to substantiate the Proof of Loss submitted on August 28, 2006.  All that was submitted was the cover letter from [plaintiffs' counsel] and the sworn Proof of Loss.  State Farm did not receive any documentation from the insureds during the pendency of the insureds' claim to substantiate the POL in the form of specifications to damaged buildings or detailed repair estimates.  Prior to receiving the lawsuit, State Farm did not receive any specification of damaged buildings or detailed repair estimates."  R. Doc. 179-3 at 3.

[2] The Court notes that plaintiffs' engineering reports are not attached to their complaint as they claim, *see* R. Doc. 1, and the Markeys have not submitted them with their reply or sur-reply.  *See* R. Docs. 211, 219.  Even if documents attached to a complaint could create a fact question about plaintiffs' SFIP compliance, the Markeys have not provided these reports and so have not met their summary judgment burden to show specific facts in the record creating a genuine issue of fact for trial. *See Celotex*, 477 U.S. at 325.

7868, 2008 WL 5169576 (E.D.La. 12/8/08); *Treme Cottages, Inc. v. Fidelity Nat'l Ins. Co.*, No. 07-4139, 2008 WL 4974660 (E.D.La. 11/19/08); *Bijou v. Fidelity Nat'l Prop. and Cas. Section M Ins. Co.*, No. 07-4927, 2008 WL 4889330 (E.D.La. 11/12/08); *Otallah v. State Farm Fire and Cas. Co.*, 2008 WL 3539667 at *4 (E.D.La. 7/31/08)(granting summary judgment because "[t]here was no verifying documentation provided in conjunction with the POL, and the POL form by itself is insufficient to meet the burden imposed on insureds by the SFIP regulations."); *Morris v. American Nat'l Prop. and Cas. Co.*, No. 07-5125, 2008 WL 2959564 (E.D.La. 7/30/08); *Wells v. Fidelity Nat'l Prop. Ins. Co.*, No. 06-5381, 2008 WL 2781539 at *4 (E.D.La. 7/14/08)("Because plaintiff failed to comply with the SFIP requirement to file supporting documentation with her proof of loss prior to filing suit, Fidelity is entitled to summary judgment dismissing plaintiff's claim"); *Eichaker v. Fidelity Nat'l Prop. Ins. Co.*, No. 07-4485, 2008 WL 2308995 at *4 (E.D.La. 6/3/08)(Summary judgment granted because plaintiff "failed to 'attach any additional proper supporting information and/or documentation . . . to support his request for additional benefits'"); *Guillot v. Allstate Ins. Co.*, 2008 WL 45359 at *2 (E.D.La. 1/2/08)("Plaintiff's failure to provide adequate documentation of her loss is sufficient grounds for granting defendant partial summary judgment"). Documents

submitted after or in conjunction with filing suit do not make up for this defect. *See Richardson*, 279 Fed. Appx. at 298 ("The regulations say that a NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show *prior* compliance with all of the policies requirements . . . ")(emphasis added); *Eichaker*, 2008 WL 230895 at *4 (rejecting argument that "the SFIP does not require that . . . supporting documentation of losses be submitted prior to filing a lawsuit."); *Wells*, 2008 WL 2781539 at *4 ("Plaintiff's failure to file such documentation prior to filing suit is fatal to her claim."). *See also*, *Curole v. La. Citizens Prop. Ins. Corp.*, No. 06-8359, 2007 WL 625933 at *4 (E.D.La. 2/23/07)(reports attached to a summary judgment opposition memorandum was "untimely under the procedural requirements for filing a claim under Plaintiff's SFIP, which the court must strictly construe and enforce."); *Trosclair*, 2008 WL 5157715 at *3 ("Nor can the Mark Martin repair estimate and various receipts and invoices apparently submitted by Plaintiffs on or around August 13 and 15, 2008, *i.e.*, during the course of this suit, cure the pre-suit deficiencies.")

**IV. Conclusion**

For the reasons stated above, State Farm's motion for summary judgment is granted. State Farm's motion to strike is denied as moot.

New Orleans, Louisiana, this <u>5th</u> day of January, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE