UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARKEY                                       CIVIL ACTION

VERSUS                                       NO: 06-5473

LOUISIANA CITIZENS FAIR PLAN,                SECTION: R(5)
ET AL.

**<u>ORDER</u>**

On December 4, 2008 plaintiffs Allen and Monica Markey filed a Second and Supplemental Complaint. R. Doc. 196. Defendants Louisiana Citizens Fair Plan and Louisiana Citizens Property Insurance seek to dismiss this pleading because it was filed in violation of Rule 15 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 15(a) permits amendments as a matter of course when filed before a responsive pleading or within 20 days if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1)(A)-(B). All other amendments require the opposing parties' written consent or leave of the Court. *Id.* at (a)(2).

A Court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008).

Plaintiffs' supplemental complaint was filed well after plaintiff was served with responsive pleadings. Plaintiffs did not, however, get leave from the Court to file, and defendants deny that plaintiffs sought consent from them. Plaintiffs' response brief does not provide any evidence to refute this. Further, plaintiffs give no reason why the interests of justice require the Court to grant leave to file their Supplemental Complaint now. Indeed, plaintiffs response consists mostly of arguing that the allegations contained in the Supplemental Complaint are moot in light of the Court's recent Order striking plaintiffs' class allegation. "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Lozano v. Owcen Federal Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007)(*quoting Wimm v. Jack Eckerd Corp.*, 3 F.3d 136, 139 (5th Cir. 1993). Here, plaintiffs simply do not offer **any** justification for allowing them leave to file their Second Supplemental Complaint, which is, in any event, a nearly verbatim copy of its Original and First Supplemental Complaints. Consequently, defendants' motion is GRANTED and plaintiffs' Second Supplemental and Amending Complaint is dismissed. This

matter will go forward on the allegations contained in the First Supplemental Complaint to the extent that those allegations have not already been struck.

New Orleans, Louisiana, this __12th__ day of January, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE